# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ZULFIYA S. KARIMOVA,

    Plaintiff(s),

v.

ALESSI& KOENIG, LLC., et al.,

    Defendant(s).

2:13-CV-151 JCM (CWH)

## ORDER

Presently before the court is defendants', Bernini Drive Trust, Michael F. Bohn, Eddie Haddad, Iyad Haddad, and Resources Group, LLC, motion to dismiss. (Doc. # 7). *Pro se* plaintiff Zulfiya S. Karimova filed a response in opposition (doc. # 9), and the defendants filed a reply (doc. # 11).

Also before the court is defendant Alessi & Koenig, LLC's motion to dismiss. (Doc. # 12). Plaintiff Karimova filed a response in opposition (doc. # 15), and defendant filed a reply (doc. # 16).

**I.     Background**

*Pro se* plaintiff filed the instant lawsuit alleging violations of certain provisions of the Federal Debt Collection Practices Act ("FDCPA"), unjust enrichment, consumer fraud based on civil conspiracy, and slander of title.

Plaintiff's complaint arises from homeowner's association ("HOA") fees for plaintiff's residence at 10725 Bernini Drive in Las Vegas.  Defendant Alessi & Koenig sent plaintiff three

**James C. Mahan**
**U.S. District Judge**

letters in connection with liens that had been assessed by the relevant HOA.[1] In each letter, Alessi & Koenig identified itself as a debt collector. The letters state that plaintiff owes several thousand dollars to the HOA based on delinquent assessments and various other costs. Plaintiff disputes the amounts and alleges that she owned only $350 in fees and possibly an additional $150 in a fine.

## II.   Analysis

The defendants can be divided into two groups. The first group of defendants were involved with the purchase of the property after the HOA foreclosed. The second defendant acted as a debt collector for the HOA prior to the foreclosure. Each group filed its own motion to dismiss, raising different arguments. The court addresses each motion to dismiss in turn.

### *A.   Defendants Bernini Drive Trust, Michael F. Bohn, Eddie Haddad, Iyad Haddad, and Resources Group LLC*

These defendants and their identities are: (1) Bernini Drive Trust purchased the property at an HOA foreclosure sale; (2) Resources Group LLC is the trustee of the Bernini Drive Trust; (3) Iyad Haddad is the manager of Resources Group LLC; (4) Eddie Haddad is the same person as Iyad Haddad (and plaintiff does not dispute this); and, (5) Michael F. Bohn is the attorney for the purchasers of the property.

As an initial matter, none of these defendants sent any of the letters to plaintiff that plaintiff alleges violated the FDCPA. The collection letters were sent by Alessi & Koenig. Plaintiff does not differentiate between any defendants in her complaint. All causes of action are alleged against all defendants. All the FDCPA claims against defendants Bernini Drive Trust, Resources Group, LLC, Iyad Haddad, Eddie Haddad, and Michael F. Bohn are dismissed. Additionally, all claims against Eddie Haddad are dismissed because he is the same person as Iyad Haddad.

These defendants argue that the remaining causes of action should be dismissed against them. These defendants dedicate approximately three short paragraphs, (*see* doc. # 7; 3:2-12) to their

---

[1] Plaintiff has attached the three letters to the complaint and none of the parties dispute the authenticity of the letters. The court may take judicial notice of documents attached the complaint when neither side disputes the authenticity of the attached documents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[A] court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment.").

James C. Mahan
U.S. District Judge

- 2 -

1  arguments for dismissing plaintiff's claims.  Defendants argue that plaintiff's remaining claims for
2  civil conspiracy, unjust enrichment, and slander of title are conclusory.  Defendants' arguments to
3  dismiss are conclusory.  The court denies the motion to dismiss for the remaining claims.

4  Finally, attorney Bohn argues that he should be dismissed from the complaint due to the
5  litigation privilege.  However, the litigation privilege does not exempt attorneys from lawsuits
6  simply because they are attorneys as argued by defendant Bohn.  The litigation privilege exempts
7  attorneys from claims that arise from communications uttered or published in the course of a judicial
8  proceeding.  Plaintiff is not suing defendant Bohn for anything he said or wrote in a judicial
9  proceeding.  Plaintiff is suing attorney Bohn for his alleged involvement in the attempt to foreclose
10 on plaintiff's property.

11 *B.     Defendant Alessi & Koenig*

12 NRS 38.310(1) states that "[n]o civil action based upon a claim relating to . . . [t]he
13 procedures used for increasing, decreasing or imposing additional assessments upon residential
14 property in any court in this State unless the action has been submitted to mediation or arbitration
15 . . . ."  NRS 38.310(2) continues by stating that a "court shall dismiss any civil action which is
16 commenced in violation of the provisions of subsection 1."  Additionally, the mandatory mediation
17 or arbitration under this statute applies not only to an HOA, but also to the collection agency acting
18 on behalf of the agency.  *Hamm v. Arrowcreek Homeowner's Ass'n.*, 124 Nev. 290, 299-300, 183
19 P.3d 895, 902-03 (Nev. 2008) ("As we conclude that the district court properly dismissed the
20 Hamms' action against Arrowcreek HOA under NRS 38.310, we also conclude that the district court
21 properly dismissed the Hamms' action against NAS [the collection agency] under that statute.").

22 Courts in this district have held that before a plaintiff may file an FDCPA action against an
23 HOA, or an HOA's debt collectors, based on a disputed amount of HOA assessments, then the
24 plaintiff must first mediate pursuant to NRS 38.130.  *Taulli v. Rancho Nevada-Nevada Estates*
25 *Homeowner's Ass'n, Inc.*, no.2:11-cv-01760-KJD-VCF, 2012 WL 2105889, at *2 (D. Nev. June 8,
26 2012) ("Disputes, such as the present action, must be submitted to arbitration or mediation prior to
27 commencement of a civil action.  Accordingly, Plaintiff's complaint is subject to dismissal pursuant

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  to NRS 38.180."); *Calvert v. Alessi & Koenig, LLC*, no. 2:11-cv-00333-LRH-PAL, 2013 WL
2  592906, *6 (D. Nev. Feb. 12, 2013) (holding that an HOA, or an HOA's debt collector, is not exempt
3  from FDCPA claims when the assessment amount is undisputed but agreeing with the *Taulli* court
4  that NRS 38.180 requires mediation or arbitration when the amount is disputed).

5        In this case, plaintiff disputes the amount of the assessments. When a plaintiff disputes the
6  amount of assessments, then the plaintiff must submit to mediation or arbitration. *See* NRS 38.180.
7  In *Calvert*, the court held that the debt collector for the HOA was not exempt from FDCPA claims
8  and not required to mediate or arbitrate under NRS 38.180 because the assessment amounts were
9  undisputed. *See Calvert*, 2013 WL 592906, at *6. However, in this case, the amounts in the
10 assessments are disputed. When there is a dispute, then the parties must mediate. Taulli, 2012 WL
11 2105889, at *3 ("Plaintiff asserts a claim for slander of title against Defendant Rancho and a claim
12 for violation of FDCPA against Defendant NAS [the collection agency]. However, since the
13 complaint arises from the assessments, Plaintiff was required to submit to arbitration or mediation
14 first.").

15       Additionally, in *Calvert*, the plaintiff alleged actual violations of the FDCPA. The court held
16 that the defendant violated certain section of the FDCPA for, among other things, failing to disclose
17 in a letter that the communication was from a debt collector. Here, plaintiff's *pro se* complaint does
18 not actually allege a violation of the FDCPA. Plaintiff only contests the amount in the letters, not
19 that the letters violate the FDCPA in some way. The court finds that the claims against Alessi &
20 Koenig are dismissed without prejudice and the parties must first mediate or arbitrate according to
21 the statute.

22       Accordingly,

23       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to
24 dismiss (doc. # 7) be, and the same hereby, is GRANTED in part and DENIED in part consistent
25 with the foregoing.

26 . .

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

IT IS FURTHER ORDERED that defendant's motion to dismiss for lack of jurisdiction (doc. # 12) be, and the same hereby, is GRANTED.  Defendant Alessi & Koenig, LLC is dismissed from the action without prejudice.

DATED July 11, 2013.

                                                              **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**