UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZULFIYA S. KARIMOVA, ) | |
|            Plaintiff, ) | Case No. 2:13-cv-00151-JAD-CWH |
| vs. ) | **FINDINGS & RECOMMENDATION** |
| BERNINI DRIVE TRUST, et al., ) | |
|            Defendants. ) | |

This matter came before the Court for hearing on the Court's Order to Show Cause (#20) on March 18, 2014.

### BACKGROUND

Plaintiff's complaint was filed on January 29, 2013. (#1). On February 21, 2013, Defendants filed a motion to dismiss, which was, ultimately, granted in part and denied in part. *See* Order (#17). Defendant Alessi & Koenig, LLC filed a separate motion to dismiss (#12) on April 30, 2013, which was granted. (#17). The order on the motion to dismiss was entered on July 11, 2013. No further action occurred in the case until January 15, 2014, when the undersigned entered an order requiring Plaintiff to initiate a scheduling conference under Fed. R. Civ. P. 26(f) and the parties to submit a stipulated discovery plan and scheduling order by January 30, 2014. (#19). It was specifically ordered that failure to comply "may result in sanctions, up to and including a recommendation that the case be dismissed, pursuant to *inter alia*, LR IA 4-1, Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(f), or the Court's inherent authority." *Id*. The parties did not submit the plan as ordered. Therefore, on March 6, 2014, the undersigned issued an order to show cause requiring the parties to appear and show cause why sanctions, including case dispositive sanctions pursuant to

authority cited in the Court's prior order (#19), should not issue. The parties were specifically informed that failure to appear at the show cause hearing would result in a recommendation for case dispositive sanctions. Owing to Plaintiff pursuing this case *pro se*, the Court ordered that a copy of the show cause order be sent to Plaintiff's address on file via certified mail. *See* Order to Show Cause (#20). The docket shows that the certified mail packet was signed for on March 12, 2014. *See* Cert. of Service (#22). The Court did not hear from either party requesting that the date for the show cause hearing be vacated, changed, or otherwise altered. Consequently, the hearing remained on calendar. Plaintiff did not appear at the hearing and the Court was unsuccessful in its attempt to contact the Plaintiff prior to the hearing. Defense counsel was present.

Plaintiff failed to comply with the Court's order to initiate a Rule 26(f) scheduling conference and failed to appear at the show cause hearing. Plaintiff has made no effort to communicate or otherwise inform the Court of her intent to continue with her case. Plaintiff has been specifically warned, twice, that failure to comply with Court order would result in dispositive sanctions. Nevertheless, Plaintiff has continued to ignore valid court orders. Accordingly, the Court will recommend that the complaint be dismissed and the case closed.

## DISCUSSION

The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. It is with that charge at the forefront that the Court construes and administers the Federal Rules. The rules provide several mechanisms whereby courts can accomplish this goal through the use of sanctions against a party that fails to comply with the rules or unnecessarily multiplies the proceedings. Rule 16 is a central pretrial rule that authorizes courts to manage cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). "Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id*. Rule 16(f) specifically provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails

to appear at a scheduling or pretrial conference; (B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling order or other pretrial order." Rule 37(b)(2)(A)(v), in turn, provides that: "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . . includ[ing]: . . . dismissing the action or proceeding in whole or in part."

Dismissal for failure to obey a court order is a harsh penalty and should only be imposed in extreme circumstances. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Courts weigh the following five factors when determining whether to dismiss a case for failing to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1226 (internal citations and quotations omitted). "These factors are not a series of conditions precedent before the judge can do anything, but a way for the district judge to think about what to do." *Id*. (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). Although preferred, it is not required that the Court make explicit findings to show that it has considered these factors. *Id*. A dismissal sanction will only be overturned if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Id*. (internal citations and quotations omitted).

**1. Expeditious Resolution of Litigation**

"Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1227. Here, Plaintiff has failed to comply with several court orders and ignored inquiry from the Court. Despite being given every opportunity to comply or justify the failures, Plaintiff has not done so. This behavior is inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action.

3

### 2. Court's Need to Manage Its Docket

It has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted). As the Supreme Court has held, the sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

Here, Plaintiff failed to comply with the Court's order to initiate a scheduling conference and submit a discovery plan. Plaintiff also failed to appear at the subsequent show cause hearing. It appears that Plaintiff is ignoring, avoiding, or otherwise refusing to comply with the Court's orders and instructions. Several attempts have been made to allow Plaintiff to continue to pursue this matter, but to no avail. "In evaluating the propriety of sanctions, [courts] look at all the incidents of a party's misconduct." *Adrianna Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir 1990) (citation omitted). Plaintiff has not provided valid justification for her failures to comply with the Court's order. The failure continue to thwart this case from moving forward making it impossible for the Court to effectively manage its docket.

### 3. Risk of Prejudice to the Defendant

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Thoeren*, 913 F.2d at 1413. The repeated failure to comply with court orders is prejudicial.

### 4. Public Policy

"[T]he public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1228 (citation omitted). Nevertheless, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impeded progress in that direction." *Id*. Because Plaintiff is responsible moving her case forward, her conduct in causing delay and thwarting progress supports dismissal.

**5. Less Drastic Sanctions**

The Court must consider the adequacy of less drastic sanctions before imposing dismissal. *Malone*, 833 F.2d at 131 (citation omitted). Three questions facilitate this analysis: (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal. *Id.* at 132. Less drastic sanctions would not be effective in this case as Plaintiff refuses to obey court orders. Plaintiff has ignored, avoided, or otherwise refused to accept communications from this Court. As Plaintiff is proceeding *pro se*, it is unlikely a monetary sanction would have any effect. The Court has made every effort to avoid entering dismissal, but Plaintiff simply refuses to comply with the Court's orders despite being specifically informed that failure to do so could result in dismissal.

Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Complaint (#1) be **dismissed** and this case closed.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED: March 20, 2014.

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**